IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 23-91-RGA |
| | : | |
| ROBERT DORSEY, | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM IN SUPPORT OF A VARIANCE

**I.     INTRODUCTION**

Robert Dorsey, through undersigned counsel, previously submitted a memorandum objecting to the calculated Guidelines sentencing range as well as the government's request for a departure. For the reasons explained in its memorandum, the Defense maintains that the sentencing range was calculated incorrectly and that the Court should adopt the Defense's corrected calculation. In the alternative, should the Court not grant the Defense's objections, the Court should vary from the sentencing range calculated by the office of United States Probation and Pretrial Services for the District of Delaware (Probation).[1] For the reasons explained below this Court should impose a sentence consistent with a Guidelines sentencing range based on a Criminal History Category of II.

---

[1] This memorandum requests a variance, however, the same outcome could be achieved if the Court chose instead to grant a variance under U.S.S.G. § 4A1.3(b)(1).

## II.    FACTS

Probation calculated Mr. Dorsey's advisory sentencing range as 57 months to 71 months based on a Total Offense Level of 23 and a Criminal History Category of III. Presentence Report (PSR) at ¶ 174. Most relevant to this discussion is the Criminal History Category determination of III. This arose from Probation's determination that Mr. Dorsey's criminal history score was five based on two prior convictions. *Id.* at ¶ 117. One of those convictions resulted in Mr. Dorsey serving a 107-day time served prison sentence. *Id*. at ¶ 112. This added two of the five points calculated by Probation. *Id.* This additional two points results in Mr. Dorsey's Criminal History Category being increased from II to III. This naturally results in a greater Guidelines sentencing range.

While the sentence was not imposed until January 29, 2015 (which is within the relevant time frame in the instant case to be considered when calculating the Criminal History Category), the offense itself occurred more than four years earlier on December 5, 2011.[2] A date that is well outside of the time frame considered for determining the Criminal History Category. *See* U.S.S.G. 4A1.29(e). This delay occurred because Mr. Dorsey was serving a sentence in Delaware that prevented him from addressing the matter in a timely fashion. *See Id*. at ¶ 103.

## III.    ARGUMENT

Pursuant to 18 U.S.C.A. § 3553(a)(6), a Court must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". In the instant case a defendant similarly situated as Mr. Dorsey, who was not prevented from moving his case forward as Mr. Dorsey was, would have a lower Guidelines sentencing range because of a lower Criminal History Category. Specifically, a defendant whose criminal history was the same,

---

[2] The PSR asserts that Mr. Dorsey's offense conduct occurred between August and October of 2023. PSR at ¶ 14.

but whose 2011 conviction was resolved in a timely manner, would have a Criminal History Category of II instead of III. This lower Criminal History Category would have a corresponding lower Guidelines sentencing range. As a result, if the Court does not grant Mr. Dorsey's objections to the sentencing range in the PSR, this Court should vary the sentence it imposes to be consistent with a Guideline sentencing range based upon a Criminal History Category of II.

As explained above, despite the fact that the case in question began in December of 2011, it did not resolve until January of 2015. Significantly, the time served sentence that Mr. Dorsey received was predicated upon time that he spent in custody from his arrest in 2011 until he was transferred from New Jersey's custody to the state of Delaware in 2012. Therefore, the time in custody that sufficed to satisfy the sentence imposed accrued over a few months beginning nearly 12 years prior to Mr. Dorsey's offense conduct. When Mr. Dorsey was finally able to resolve this case upon his release from Delaware custody years later, it was merely for the judge in that case to pronounce that his debt to society had previously been paid and end the proceedings. The judge did not impose more time.[3,4]

Mr. Dorsey's 2015 conviction is only a matter for consideration in his Criminal History Category determination because Mr. Dorsey was unable to have the matter addressed in a timely

---

[3] If the judge in the New Jersey case had imposed additional time, that would not undermine the Defense's argument, however, the fact that Mr. Dorsey had completed his sentence for the case in question more than 10 years prior to the inception of the instant case, bolsters the argument that increasing Mr. Dorsey's Guideline sentence range based upon his 2015 conviction is an untenable inequity.

[4] The Court should take note the 2015 conviction is one of the cases the government noted in its Sentencing Memo (D.I. 41) to support the argument that Mr. Dorsey deserves an upward variance. However, the sentencing judge, when considering the appropriate sentence for Mr. Dorsey as he stood before him in court, chose not to give him additional time. Rather, the judge imposed a time served sentence, crediting Mr. Dorsey's time in custody from four years earlier and closed the case. Such a sentence belies the idea that Mr. Dorsey was a violent and dangerous person, and that was before he went more than a decade without committing a crime.

fashion.[5] If Mr. Dorsey could have addressed this in a timelier manner his Criminal History Category would be II instead of III.

## IV.    CONCLUSION

For the foregoing reasons, and any others that should occur to the Court, Mr. Dorsey respectfully requests that if the Court does not sustain his objection to the Guideline sentencing range calculated in the PSR, then in the alternative, the Court impose a sentence consistent with a sentencing range based on Criminal History Category II.

Respectfully submitted,

ELENI KOUSOULIS
Federal Public Defender

Dated: February 25, 2025          By:    /s/ David L. Pugh
DAVID L. PUGH, ESQUIRE
Office of the Federal Public Defender
District of Delaware
800 King Street, Suite 200
Wilmington, DE  19801
(302) 573-6010

Attorneys for Robert Dorsey

---

[5] Mr. Dorsey did attempt to reach the New Jersey Court to have his case addressed while he was serving his Delaware sentence but did not receive a response.